UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROCCO J. MARTELLI, and CHIARA
A. MARTELLI,

        Plaintiffs,

  v.          **DECISION AND ORDER**
               13-CV-652-A

NIAGARA FALLS BRIDGE COMMISSION,

         Defendant.

---

  This is a personal injury action brought by the plaintiffs, Rocco J. Martelli and Chiara A. Martelli, against the defendant, Niagara Falls Bridge Commission. Defendant Bridge Commission is a federally-chartered body that operates the Rainbow Bridge, the Whirlpool Rapids Bridge, and the Lewiston-Queenston Bridge, each of which are toll bridges over the Niagara River at the international border between the United States and Canada. Plaintiffs Martelli allege that defendant breached its duty to maintain its premises and caused Mr. Martelli to contract Legionnaries Disease from contaminated water in restroom faucets in a commercial warehouse at the Lewiston-Queenston Bridge in Lewiston, New York.

  The action was removed to this Court pursuant to 28 U.S.C. § 1441 by defendant Bridge Commission from the Supreme Court of the State of New York for the County of Niagara on June 20, 2013. The notice of removal alleges the action arises within the Court's subject matter jurisdiction under 28 U.S.C. § 1331

because it raises a federal question and under 28 U.S.C. § 1332 because defendant and plaintiffs are of diverse citizenship.  Dkt. No. 1, ¶¶ 8-10.

The burden to establish that the Court has subject matter jurisdiction is on the party invoking it.  *Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010).  The Court's subject matter jurisdiction is strictly limited, and lack of subject matter jurisdiction can never be waived.   *See United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir.1994).  The Court has an obligation to confirm that it has subject matter jurisdiction over every action before it.  *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir.2001); *see* 28 U.S.C. § 1447(c).  Based upon these familiar principles, and the jurisdictional statements in defendant Bridge Commission's notice of removal from state court, the Court directed defendant by Text Order entered June 21, 2013, to show how the action is within the Court's federal-question and diversity jurisdiction.  Dkt. No. 4.

Defendant Bridge Commission filed its response to the Court's Text Order on July 11, 2013.  The Court has considered the arguments of defendant and finds defendant has not met its burden to establish that the action is within the Court's subject matter jurisdiction.  For the reasons stated below, defendant is ordered pursuant to Fed. Rule Civ. P. 12(h)(3) to show cause why the action should not be remanded to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**DISCUSSION**

**Federal-Question Jurisdiction.** Plaintiffs Martelli allege in their complaint a premises-liability negligence claim on behalf of Mr. Martelli and a derivative negligence claim for loss of Mr. Martelli's services on behalf of Mrs. Martelli. Dkt. No. 1-1, pp. 7-13. In its submissions in response to the Court's June 21, 2013 Text Order, defendant Bridge Commission fails to establish that these state-law claims arise under federal law pursuant to 28 U.S.C. § 1331.

Defendant Bridge Commission argues there are substantial federal questions to be resolved in the action that give rise to federal jurisdiction under the three-part test set out by the United States Supreme Court in *Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). As a more preliminary matter, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Lousiana,* 522 U.S. 470, 475 (1998) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005). The two claims of plaintiffs Martelli in this action are a garden-variety state-law negligence claim and a derivative state-law loss of services claim. Dkt. No. 1-1, pp. 6-13. No federal-law issue is a component of either claim in plaintiffs' complaint.

It is well-settled that only a "special and small" category of cases that allege a state-law claim meet the test for arising under federal law pursuant to 28 U.S.C. § 1331. *Empire Healthchoice Assur., Inc.*, 547 U.S. 677, 699 (2006). Such a claim must raise a federal-law issue "necessary" to a state-law claim, and the federal issue must be one that is an essential component of the state-law claim. *Empire Healthchoice Assur., Inc.*, 547 U.S. at 701; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (*citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) and cautioning that even critical federal-law issues will not alone confer federal-question jurisdiction). It is equally well-settled that a federal issue that arises as a defense or as an anticipated defense never confers federal-question subject matter jurisdiction. *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. at 808; *Franchise Tax Bd. of Cal.*, 463 U.S. at 14.

Defendant Bridge Commission argues it raises substantial federal questions of whether it is immune from private tort suits or incapable of being sued in tort because it is not specifically authorized to pay tort judgments by its federal charter. Defendant raises the questions as affirmative defenses in its answer to the complaint. Dkt. No. 5, ¶¶ 48-49.

Defendant Bridge Commission's charter provides that:

> [f]or the purpose of carrying [out its operations, the defendant] may . . . sue and be sued, implead and be impleaded, complain and defend in all courts of law and

equity . . . .

H.R. Resolution 6928, 53 Stat. 1083, § 7, as amended.  Nowhere in defendant's charter has Congress conferred a sovereign or quasi-sovereign immunity from suit or liability for defendant's negligence during defendant's operations in the United States; in fact, Congress seems in section 7 of defendant's charter to have contemplated the opposite.  The capacity of defendant to be sued in tort, since it is an unincorporated body, is a matter of state law.  Fed. R. Civ. P. 17(b)(3).  It therefore appears defendant lacks a basis in federal law for considering itself incapable of being sued, or immune from suit and liability, for state-law torts that it may commit during its operations.

Even if defendant Bridge Commission correctly reads its charter to give rise to immunity from suit or liability, it is firmly-settled that:

> [t]o bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.

*Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936).  Defendant's anticipated defenses to payment of a judgment against defendant for negligence liability raise no federal-law issues necessary and essential to the claims of plaintiffs Martelli alleged in the complaint.

Defendant Bridge Commission also contends in response to the Court's Text Order that plaintiffs Martelli lack standing to sue defendant because

5

defendant's federal charter grants authority to sue in order to enforce terms of the charter to the New York State Attorney General and to the United States Attorney for the Western District of New York.  H.R. Resolution 6928, 53 Stat. 1083, § 10 (1939).  Plaintiffs' claims seek to establish defendant's liability for negligence under New York law during the course of defendant's duties as a lessor of commercial warehouse premises.  Plaintiffs make no allegations to enforce any terms of defendant's charter.  *See* Dkt. No. 1-1, pp. 6-13.  Whether plaintiffs have standing to enforce terms of defendant's charter is irrelevant to whether plaintiffs may bring this action alleging state-law negligence and loss-of-services claims.

In the event defendant Bridge Commission is found liable to plaintiffs Martelli for negligence during defendant's operations in the United States, and defendant considers itself left powerless by Congress in its charter to satisfy a tort judgment of this Court, or a court of the State of New York, defendant has preserved the anticipated defense that it is judgment proof by pleading its theories as affirmative defenses in its answer.  Dkt. No. 5, ¶¶ 48-49.  At this time, the Court expresses no opinion on the merit of the anticipated defenses.  However, defenses are always insufficient to give rise to federal-question jurisdiction.  *See Merrell Dow Pharmaceuticals Inc.*, 478 U.S. at 808.  For these reasons, defendant is ordered to show cause why the Court should not find defendant unable to carry its burden to show by competent proof that plaintiffs' state-law claims are among the "special and small" category of such claims that

arise under federal law pursuant to 28 U.S.C. § 1331, *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 699, and why the Court should not remand the action to state court if there is no other ground for federal subject matter jurisdiction.

**Diversity Jurisdiction.**  Defendant Bridge Commission argues in response to the Court's June 21, 2013 Text Order that defendant is also properly regarded a citizen or subject of a foreign state for purposes of diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.  Defendant argues that, as a foreigner, its citizenship is diverse from plaintiffs Martelli, who are citizens of the State of New York.  Unfortunately, defendant overlooks the critical question whether it is also citizen of the State of New York for purposes of diversity jurisdiction under § 1332.

Defendant Bridge Commission's charter provides that:

> [t]he Commission shall be deemed for the purposes of all Federal law to be a public agency or public authority of the State of New York, notwithstanding any other provision of law.

H.R. Resolution 6928, 53 Stat. 1083, § 6, as amended.  Congress' use of the phrase "all federal law . . . notwithstanding any other provision of law" in deeming defendant a New York State entity plainly encompasses federal law limiting the jurisdiction of federal courts, including diversity jurisdiction under to 28 U.S.C. § 1332.  Accordingly, defendant is a public agency or public authority of

the State of New York for purposes of assessing its citizenship and whether it may invoke the Court's limited removal and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a)(2).

A political subdivision of a state is a citizen of that state for diversity of citizenship purposes under 28 U.S.C. § 1332, unless the political subdivision is simply an arm or alter ego of the state. *Moor v. Alameda County*, 411 U.S. 693, 719 (1973), *overruled in other respects*, *Monell v. Department of Social Svcs,* 436 U.S. 658 (1978).[1] Despite this controlling law which may preclude its claim of diversity jurisdiction, defendant Bridge Commission disregards its charter status as a political subdivision of New York.

To invoke the Court's limited diversity jurisdiction, defendant Bridge Commission stresses its bi-national operations, its ability and obligation to finance its operations, its ability to sue and be sued, and the international importance of its operations.[2] Defendant's operations make it unlikely defendant is an arm of the State of New York, or an alter ego of the State of New York, and not a citizen of New York for diversity purposes under controlling United States Supreme

---

[1] A state, or an arm or alter ego of a state, is not a citizen of the state for purposes of diversity jurisdiction. *See Moor v. Alameda County*, 411 U.S. at 717.

[2] Authorization by the United States to construct international bridges was an *ad hoc* process of bridge-by-bridge approval until passage of the International Bridge Act of 1972, 33 U.S.C. §§ 535 to 535i, created processes for administrative consent. *See, Presido Bridge Company v. Secretary of State*, 486 F.Supp. 288, 291-93 (W.D.Tex. 1978).

Court, and relevant Second Circuit Court of Appeals, case law.

Defendant Bridge Commission also argues it is not a citizen of New York, even though some Commissioners are citizens of New York and its principal offices are located in Lewiston, New York, because it should not be regarded as an "unincorporated association" as defined in 28 U.S.C. § 1332(c)(10). Defendant contends essentially that, as a chartered body, and not just an amalgam of individual persons joining together to accomplish common goals, it is not an unincorporated association for purposes of diversity jurisdiction. Defendant overlooks case law finding that a wide variety of unincorporated legal entities share citizenship of all of their members for purposes of diversity jurisdiction, including limited liability companies, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); limited partnerships, *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); labor unions, *United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145 (1965); joint stock companies, *Chapman v. Barney*, 129 U.S. 677 (1889); and a state highway commission, *Hunkin-Conkry Constr. Co. v. Pennsylvania Turnp. Comm.*, 34 F.Supp. 26 (D.Pa.1940). For all of the foregoing reasons, defendant is ordered to show cause why the Court should not find defendant is unable to carry its burden to show it is not a citizen of New York for diversity-of-citizenship purposes under 28 U.S.C. § 1332 and why the Court should not remand the action to state court if there is no other basis for subject matter jurisdiction.

**Foreign-State Jurisdiction.** Finally, in responding to the Court's June 21, 2013 Text Order, defendant Bridge Commission sought to invoke, seemingly for the first time, the Court's original jurisdiction pursuant to 28 U.S.C. § 1330(a) over actions brought against foreign states. Statutory authority to remove a case from state court to federal court, 28 U.S.C. § 1441, *et seq.*, permits removal only when the case is within federal courts' limited subject matter jurisdiction and could properly have been brought in federal court in the first instance. *See* 28 U.S.C. § 1447(c); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). In general, 28 U.S.C. § 1330(a), and related provisions of the Foreign Sovereign Immunities Act, "[are] the sole source for subject matter jurisdiction over any action against a foreign state." *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir.2009).

A notice of removal is required to contain a short and plain statement of the jurisdictional basis for removal. 28 U.S.C. § 1446(a). "[I]in determining whether jurisdiction is proper, [courts] look only to the jurisdictional facts alleged in the Notice[] of Removal." *In re Methyl Tertiary Butyl Ether ("MTBE") Product Liability Litigation*, 488 F.3d at 24; *see Whitaker v. American Telecasting*, 261 F.3d 196, 205 (2d Cir. 2001). Defendant Bridge Commission did not allege it was removing the case on the basis of foreign-state jurisdiction under 28 U.S.C. 1330(a) in its notice of removal. *See* Dkt. No. 1. The Court's discretion to allow a party

10

seeking to remove an action to amend jurisdictional statements made in its notice of removal to add an additional ground for removal is limited. *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 274 (2d Cir. 2004); 28 U.S.C. § 1653.

Nevertheless, the Court does not yet reach whether defendant Bridge Commission provided a sufficient statement in its notice of removal of the foreign-state jurisdictional basis for removal under §§ 1330(a) and 1441(d) that it now seems to invoke, however. Defendant is federally-chartered by the United States. It is not a bi-national entity formed pursuant to the Compact Clause of the United States Constitution, U.S. Const. art. I, §10, cl. 3, even though it operates in both the United States and Canada.[3] Defendant is licensed to operate in Ontario, Canada, under the Ontario Extra-Provincial Corporations Act, as a foreign entity, not an Ontario entity. Even if defendant were a formal political subdivision under Ontario law or other Canadian law, and even if defendant is a *de facto* agency or instrumentality of Ontario or of Canada under § 1603(b), efendant's charter deems it a public agency or public authority of the State of New York, "for the purposes of all Federal law . . . , notwithstanding any other provision of law." H.R. Resolution 6928, 53 Stat. 1083, § 6, as amended. Regardless whether defendant has quasi-governmental status as a government

---

[3] A public body responsible for the Peace Bridge, the other international road and pedestrian bridge over the Niagara River and the border between the United States and Canada, is a Compact Clause entity. *See Mitzkovski v. Buffalo and Fort Erie Public Bridge Authority*, 435 F.3d 127, 135 (2d Cir. 2006).

agency or instrumentality under Ontario or Canadian law, it therefore seems, for purposes of the Court's foreign-state jurisdiction under 28 U.S.C. § 1330(a), defendant is chartered as a public agency or public authority of the State of New York.

In addition, 28 U.S.C. § 1603(b)(3) specifically excludes from the definition of a "foreign state" that applies to the Court's foreign-state jurisdiction under § 1330(a) any entity that is otherwise a citizen of a State of the United States for purposes of diversity of citizenship jurisdiction as defined in 28 U.S.C. § 1332(c) and (e). Again, defendant's charter deems defendant a public agency or public authority of the State of New York for purposes of assessing defendant's citizenship for purposes of diversity jurisdiction under federal law, "notwithstanding any other provision of law." H.R. Resolution 6928, 53 Stat. 1083, § 6, as amended. For all of these reasons, defendant is ordered to show cause why the Court should not remand the action to state court because defendant is unable to carry its burden to show it is a foreign state for purposes of the Court's subject matter jurisdiction under 28 U.S.C. § 1330(a).

If defendant Bridge Commission seeks to maintain that it validly removed the action from state court on the ground the action is within the Court's foreign-state jurisdiction under 28 U.S.C. § 1330(a), defendant is directed to establish the Court has the power to entertain defendant's arguments even though defendant did not timely provide a short and plain statement of the foreign-state

12

jurisdictional basis in its notice of removal and did not allege it was a foreign state, or an agency or instrumentality of a foreign state, other than by citing 28 U.S.C. §§ 1441(d) and 1603 in connection with its statement of the Court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1, p. 3, ¶ 9.

## CONCLUSION

For all of the foregoing reasons, and pursuant to Fed. R. Civ. P. 12(h)(3), defendant Niagara Falls Bridge Commission is ordered to show cause why this action should not be remanded to the Supreme Court of the State of New York for the County of Niagara under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. In addition, if defendant Bridge Commission seeks to maintain in response to this order that it validly removed the action from state court on the ground that the action is within the Court's foreign-state jurisdiction under 28 U.S.C. § 1330(a), defendant is also required to establish that the Court has authority to entertain the argument. Defendant Bridge Commission shall have until July 29, 2013 to supplement its prior submissions to the Court to carry its burden to establish the Court's subject matter jurisdiction.

The plaintiffs, Rocco J. Martelli and Chiara A. Martelli, are not required to respond to defendant Bridge Commission's submissions on the Court's subject matter jurisdiction unless later directed by the Court to do so. Oral argument, if

any, will be at the discretion of the Court.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 16, 2013